**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FREDA T. BODY,

        Appellant,

          v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
AT-0714-18-0141-X-1

DATE: May 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Freda T. Body</u>, Birmingham, Alabama, pro se.

<u>Michael Rhodes</u>, Montgomery, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        On June 17, 2019, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in partial noncompliance with the April 4, 2018 initial decision, which reversed the appellant's removal and ordered her reinstated with back pay and benefits. *Body v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0141-C-1, Compliance File (CF), Tab 9, Compliance Initial Decision (CID); *Body v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0141-I-1, Initial Appeal File (IAF), Tab 17, Initial Decision (ID).   For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2        Effective November 17, 2017, the agency removed the appellant from her position.  IAF, Tab 7 at 13-14.  The appellant timely appealed her removal to the Board.  IAF, Tab 1.  In an April 4, 2018 initial decision, the administrative judge reversed the removal and ordered the agency to retroactively restore the appellant to her position and to pay her all appropriate back pay and benefits.  ID at 23. Because neither party filed a petition for review by May 9, 2018, the initial decision became the final decision of the Board.   ID at 25; *see* 5 C.F.R. § 1201.113.

¶3        On March 21, 2019, the appellant filed a petition for enforcement of the initial decision, arguing that the agency had not paid her interest on the back pay award.[3]  CF, Tab 1.  The agency responded that it was in full compliance with the initial decision and provided evidence showing that the appellant had received

---

[3] The administrative judge construed the appellant's March 21, 2019 submission as both a petition for enforcement and as a claim for compensatory and consequential damages. CID at 2.  The claim for compensatory and consequential damages was docketed and adjudicated separately under MSPB Docket No. AT-0714-18-0141-P-1.

back pay for 1,080 hours in the gross amount of $23,371.20. CF, Tab 7 at 4, 6. In response, the appellant reiterated that the agency had not paid her interest on the back pay award, explaining that the gross amount paid by the agency of $23,371.20 was equivalent to 1,080 hours at her hourly rate of $21.64. CF, Tab 8 at 3-6.

¶4      In the June 17, 2019 compliance initial decision, the administrative judge found that the agency was in noncompliance with the initial decision to the extent that it had failed to pay the appellant interest on her back pay award. CID at 3. Accordingly, he granted the appellant's petition for enforcement and ordered the agency to pay the appellant the appropriate amount of interest on the back pay award consistent with 5 U.S.C. § 5596(b)(2)(B) and to provide a narrative explanation of its calculation of the interest payment, along with supporting documentation to the appellant. CID at 3-4. He informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. CID at 4. The administrative judge further informed the agency that, if it decided not to take all of the ordered actions, it must file a petition for review of the compliance initial decision. CID at 4-5. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(b)-(c). *Body v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-18-0141-X-1, Compliance Referral File (CRF), Tab 1.

¶5      On July 26, 2019, the Clerk of the Board ordered the agency to submit evidence showing that it had complied with all of the actions identified in the compliance initial decision and reminded the agency that a failure to comply with a final Board decision may result in the imposition of sanctions against the responsible agency official pursuant to 5 U.S.C. § 1204(e)(2)(A). CRF, Tab 1 at 3. The agency did not respond. Accordingly, by order dated November 25,

2019, the Clerk of the Board again directed the agency to submit the evidence of compliance required by the compliance initial decision. CRF, Tab 2. Both the July 26 and November 25, 2019 orders informed the appellant that she could respond to the agency's compliance submissions and that, if she did not do so, the Board may assume that she was satisfied and dismiss her petition for enforcement. CRF, Tab 1 at 4, Tab 2 at 3.

¶6    In a December 9, 2019 response to the Clerk of the Board's order, the agency identified the official charged with complying with the Board's order and provided evidence reflecting that it had determined that the appellant was entitled to interest on the gross back pay award in the amount of $471.75. CRF, Tab 3. In a December 30, 2019 submission, the appellant stated that she had now received the back pay award at the correct rate of pay plus interest and benefits but that she had not yet received the overtime pay she would have received had she not been removed. CRF, Tab 4 at 3-4. On February 4, 2020, the agency responded with evidence showing that, on January 15, 2020, it paid the appellant $431.56, which the agency representative described as "the amount in dispute." CRF, Tab 5. The appellant did not respond to the agency's February 4, 2020 submission.

## ANALYSIS

¶7    When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order

by a preponderance of the evidence.[4] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

¶8        As described above, in the compliance initial decision, the administrative judge found that the agency failed to establish that it had complied with its obligation to pay the appellant interest on the back pay award. CID. The parties' submissions show that the agency has now complied with this obligation. CRF, Tabs 3-4. In addition, the agency has represented that it has paid the appellant the appropriate amount of overtime back pay, and the appellant has not further challenged the agency's compliance with its obligation to restore her to the status quo ante. Accordingly, the Board assumes she is satisfied with the agency's compliance on the interest issue. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶9        Although the appellant now appears to be disputing whether the agency properly computed any overtime payment due to her as part of her back pay, she did not make this challenge before the administrative judge, nor did she file a timely petition for review of the administrative judge's determination that the back pay award was accurate but for the interest payment. CRF, Tab 1, CF, Tabs 1, 8. We therefore will not consider this contention.

¶10       In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                   /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.